IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN MOORE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 12-3823 |
| CITY OF PHILADELPHIA, OFFICER | : | |
| LARRY SHIELDS, HAKIM | : | |
| MUHAMMAD, ANGELA MUHAMMAD, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                       August 29, 2012

Currently pending before the Court is the Motion to Remand by Plaintiff Stephen Moore. For the following reasons, the Motion is denied.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2012, Plaintiff Stephen Moore commenced this action in the Court of Common Pleas of Philadelphia County against Defendants City of Philadelphia, Police Officer Larry Shields, and Hakim and Angel Muhammad, husband and wife (the "Muhammads"). The Complaint generally alleged that, on November 11, 2011, the Muhammads placed a 911 call to Philadelphia police falsely claiming that there was criminal activity at Plaintiff's home. (Compl. ¶ 10.) Responding to the call, Officer Shields entered Plaintiff's home, where Plaintiff was lawfully present, and shot him one time. (Id. ¶¶ 11–17.) In connection with these events, the Complaint set forth claims of assault, battery, intentional infliction of emotional distress, and violation of federal civil rights against Officer Moore. (Id. ¶¶ 40–55.) Further, it alleged a claim

under 42 U.S.C. § 1983 against the City of Philadelphia.  (Id. ¶ 56–71.)  Finally, it raised claims of malicious prosecution, invasion of privacy, civil conspiracy, intentional infliction of emotional distress, negligence, negligence per se, and trespass against the Muhammads.  (Id. ¶¶ 72–111.)

Defendants City of Philadelphia and Officer Shields ("Removing Defendants") were served with the Complaint on June 27, 2012.  (Pl.'s Mot. to Remand, Ex. 1.)  Thereafter, on July 16, 2012, the Muhammads were personally served with the Complaint at their residence.  (Id.)  On July 6, 2012, after service of the Complaint on the Removing Defendants, but prior to service on the Muhammads, the Removing Defendants filed a Notice of Removal under 28 U.S.C. § 1441.  (Id., Ex. 2.)

On August 2, 2012, Plaintiff filed the current Motion to Remand to State Court.  The Removing Defendants responded on August 7, 2012, Plaintiff filed a Reply Brief on August 8, 2012, and the Removing Defendants filed Sur-reply Briefs on August 13, 2012.  This Motion is now ripe for judicial consideration.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant.  See 28 U.S.C. § 1446(b).  The notice of removal must be signed pursuant to Federal Rule of Civil Procedure 11 and contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders

served upon such defendant or defendants in such action." Id. § 1446(a).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). If the court determines that it lacks federal subject matter jurisdiction, remand is mandatory and can occur at any time during the litigation. Kimmel v. DeGasperi, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c); N. Penn Water Auth. v. Bae Sys. Aerospace Elec., Inc., No. Civ.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). "Upon a motion to remand, it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. Civ.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)); see also Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (holding that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

**III.     DISCUSSION**

Via the current Motion, Plaintiff argues that two procedural defects exist in Removing Defendants' Notice of Removal.  First, he claims that the Removing Defendants did not specifically identify the basis for removal, as required by statute.  Second, he contends that because the Muhammads neither joined in nor consented to removal, Removing Defendants failed to satisfy the "unanimity rule."

The Court finds no merit to Plaintiff's first argument.  It is well-established that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Notice of Removal, in this case, stated that "[t]his action may be removed to this Court pursuant to 28 U.S.C. § 1441 because the plaintiff's Complaint contains allegations of violations of his Federal Civil Rights and because he seeks relief under 42 U.S.C. § 1983."  (Pl.'s Mot. to Remand, Ex. 2 ¶ 5.)  Such language clearly and unambiguously indicates Removing Defendants intent to invoke this Court's original jurisdiction under § 1331 as the basis for removal.  As 28 U.S.C. § 1446 requires only a "short and plain statement of the grounds for removal," the Court finds no deficiency in the Notice of Removal on this ground.

As to Plaintiff's second argument regarding the unanimity rule, the analysis is somewhat more involved.  The right to remove a case from state to federal court is vested exclusively in "the defendant or defendants."  28 U.S.C. § 1441(a).  Section 1446, which governs removal, "has been construed to require that when there is more than one defendant, all must join in the removal petition."  Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); Granovsky v. Pfizer, Inc.,

631 F. Supp. 2d 554, 559 (D.N.J. 2009). This requirement that all defendants agree to the removal is known as the "unanimity rule." Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 & n.4 (3d Cir. 1995). Unanimity may be expressed by defendants either jointly filing the notice of removal or consenting to the removal by separate filing. Weinrach v. White Metal Rolling & Stamping Corp., No. Civ.A.98-3293, 1999 WL 46627, at *1 (E.D. Pa. Jan. 6, 1999). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous *written* evidence of consent to the court in timely fashion." Michaels v. New Jersey, No. Civ.A.96-3557, 1996 WL 787613, at *5 (D.N.J. Nov. 8, 1996) (emphasis in original).

Three well-established exceptions to the unanimity rule exist: (1) where a non-joining defendant is an unknown or nominal party; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time the removing defendants filed their petition (the "non-service exception"). Balazik, 44 F.3d at 213 n. 4 (citing McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045, n.5 (E.D. Pa. 1989)). As originally formulated, the third exception—and the only one potentially applicable to the present case—encompassed two distinct prongs. Specifically, the defendant whose consent was not obtained must have both (1) not been served at the time removal, and (2) been a non-resident. Id.; Lewis, 757 F.2d at 68; see also Reed v. Flemming Foods East, Inc., No. Civ.A.99-109, 1999 WL 111468 at *1 (E.D. Pa. Mar. 3, 1999) ("One such exception arises when a non-resident defendant has not been served the complaint at the time the removing defendants filed their petition."); Waynebern v. IESA Investissements, S.A., No. Civ.A.92-3201, 1992 WL 210102, at *2 (E.D. Pa. Aug. 21, 1992) (same). For this exception to apply, both criteria had to be met.

5

A.B. v. Verna Gray Charter Sch., No. Civ.A.10-5938, 2011 WL 2149474, at *2 (D.N.J. May 11, 2011). "Thus, while it [was] true that removing defendants need not obtain the consent of nonresident defendants, 'a resident defendant . . . [could] not be ignored [and] must join in the petition for removal, regardless of service.'" Id. (quoting Gratz v. Murchison, 130 F. Supp. 709, 713 (D. Del. 1995)).

On December 7, 2011, however, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, §§ 103(b) 104, 125 Stat. 758, 760, 762 (Dec. 7, 2011). The statute took effect on January 7, 2012, and amended, in part, several of the removal statutes. Specifically, the new 28 U.S.C. § 1446 now states that "[w]hen a civil action is removed solely under § 1441(a) [on the basis of original jurisdiction], all defendants *who have been properly joined* and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). In so drafting this amendment, Congress effectively eliminated the non-resident component of the non-service exception to the unanimity rule.

Moreover, the revised 28 U.S.C. § 1441(c)(2) created a new exception to the unanimity rule. In its new form, this statute provides that:

> **(1)** If a civil action includes--
>
> > **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> > **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. ***Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).***

28 U.S.C.A. § 1441(c) (2012) (emphasis added). Accordingly, where a case involves both federal and state law claims, but where some of the defendants have no federal law claims against them, such defendants need not consent to removal.[1]

Having been commenced on June 21, 2012—after the effective date of the JVCA—the present case is governed by these two amendments. The Removing Defendants were served with the Complaint on June 27, 2012 and filed their Notice of Removal on July 6, 2012. At that time, the Muhammads had yet to be served and, in fact, were not served until ten days later. Under the plain language of the new § 1446, the Removing Defendants had no obligation to obtain the Muhammads' consent. Moreover, the sole claims in the Complaint against the Muhammads sound in state law. As such, pursuant to the new 28 U.S.C. § 1441(c)(2), their consent was not required for removal.[2]

---

[1] Plaintiff's supplemental letter brief dated August 9, 2012, asserts that in order to apply section 1441(c), "the defense would have been required to establish that the state law claims here would not fall under this Court's supplemental jurisdiction and, thus, be independent and separate claims, capable of being severed and remanded to State Court." (Pl.'s Letter Br. dated 8/9/12.) This argument reflects a faulty reading of the statute. The last sentence of § 1441(c)(2), by reference to § 1441(c)(1)(a), provides that if a defendant does not have any claims against him "that arise under the Constitution, laws, or treaties of the United States," that defendant need not consent to or join in a removal for the removal to be proper. Removing Defendants, therefore, did not need to address supplemental jurisdiction to invoke this provision.

[2] In Plaintiff's August 9, 2012 letter, he asserts that the Notice of Removal was defective because it failed to contain an explanation for the Removing Defendants' lack of compliance with the rule of unanimity. He goes on to argue that "[n]owhere did the Notice mention the

Given the enactment of the JVCA, the Notice of Removal in this matter is not defective. Accordingly, Plaintiff's Motion to Remand must be denied.[3] An appropriate Order follows.

---

service exception to the rule of unanimity, much less discuss 28 USC § 1441(c) or its amendments." (Pl.'s Letter Br. dated 8/9/12.)

Notably, however, the Notice of Removal explicitly stated that "[u]pon information and belief, personal service has not been made on Defendants Hakim Muhammad and Angela Muhammad." (Pl.'s Mot. to Remand, Ex. 2 ¶ 4.) This obvious invocation of the non-service exception to the unanimity rule clearly satisfies § 1441's requirement of "a short and plain statement of the grounds for removal."

[3] The Court recognizes that, under § 1441(c)(2), we must sever from the action all claims "not within the original or supplemental jurisdiction of the district court" and remand them to state court. District courts have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. To satisfy the case or controversy requirement, all claims, including "claims that involve the . . . intervention of additional parties," must derive from a "common nucleus of operative fact." See Doherty v. Teamsters Pension Trust Fund of Phila. & Vicinity, 142 F. App'x 573, 575 (3d Cir. 2005).

Based solely on the allegations of the Complaint and the extremely limited briefing on this issue, the Court remains confident that all state law claims against Officer Shields fall within our supplemental jurisdiction. All claims against Officer Shields—both state and federal—center on his actions in entering Plaintiff's home and shooting him. The Court, however, is not as confident with respect to the claims against the Muhammads. These claims are premised solely on state law and focus only on the Muhammads' actions in calling 9-1-1 to report criminal activity at Plaintiff's residence. Nonetheless, at this stage of the litigation, and absent any effort by Plaintiff to show that the claims against the Muhammads are not part of the same case or controversy against the City of Philadelphia and Officer Shields, the Court declines to sever and remand such claims.